## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPHINE L. POTENTE,<br><br>      *Plaintiff,*<br><br>   v.<br><br>EQUIFAX INFORMATION SERVICES LLC;<br>EXPERIAN INFORMATION SOLUTIONS, INC.;<br>TRANS UNION LLC; and<br>BARCLAYS BANK DELAWARE;<br><br>      *Defendants.* | No.: 7:19-cv-4050<br><br><br>**COMPLAINT**<br><br><br>JURY TRIAL DEMANDED |

### INTRODUCTION

Plaintiff Josephine L. Potente, by and through her attorneys, Schlanger Law Group LLP, complaining of the defendants, alleges as follows:

1. This is an action for actual, statutory, and punitive damages, injunctive relief, and statutory attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"), the New York Fair Credit Reporting Act, and New York General Business Law § 380, et seq. ("NY FCRA").

2. Congress enshrined within the FCRA the "need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy."  15 U.S.C. §1681(a)(4).

3. Congress stated plainly the purpose of the FCRA, namely "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and

equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper

utilization of such information . . . ."  15 U.S.C. §1681(b).

4.      The Defendants consist of three national credit reporting agencies:  Equifax

Information Services LLC, Experian Information Solutions, Inc., and Trans Union LLC, (the

"CRA Defendants"); and one "furnisher of information" to those agencies:   Barclays Bank

Delaware (collectively, the "Furnisher Defendants").

5.      Plaintiff discovered inaccurate derogatory information on her credit reports and

disputed the same directly with the CRA Defendants who, in turn and upon information and

belief, communicated the same to the Furnisher Defendant.

6.      The Furnisher Defendants are each a "furnisher of information" within the

meaning of the FCRA (15 U.S.C. § 1681s-2, *et seq.*).

7.      The Furnisher Defendant violated the FCRA by:

a.   failing to conduct a reasonable investigation of Plaintiff's dispute;

b.   failing to review all relevant information provided by consumer reporting agencies;
     and

c.   failing to promptly modify, delete, or permanently block any information it could not
     verify as accurate, in violation of 15 U.S.C. §1681s-2(b)(1).

8.      The CRA Defendants violated the FCRA (and analogous provisions of the NY

FCRA) by:

a.   failing to conduct a reasonable reinvestigation of Plaintiff's dispute and delete or
     modify that information, in violation of § 1681i, and upon information and belief,
     failing to perform certain other related duties pursuant to and in violation of that same
     provision; and

2

b.  failing to maintain procedures to ensure the maximum possible accuracy of the

information it reported about Plaintiff, in violation of § 1681e(b).

9.      As a direct and proximate result of the Defendants' negligent and willful actions,

conduct, and omissions including, upon information and belief, publishing inaccurate derogatory

information to third-parties, Plaintiff suffered cognizable actual damages (both economic and

non-economic) including but not limited to credit denials, reduction of available credit lines,

and/or offers for credit at higher interest rates, damage to her reputation, emotional distress,

embarrassment, aggravation, and frustration.

10.     Each Defendant's willful violations of the FCRA entitles Plaintiff to an award of

punitive damages.

## JURISDICTION AND VENUE

11.     Plaintiff Josephine L. Potente brings this action for damages resulting from

inaccurate reporting of tradelines on her credit reports and the Furnisher and CRAs failure to

conduct reasonable investigations and correct the reports.

12.     The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p, 15 U.S.C. §

1640(e), and 28 U.S.C. § 1331.

13.     This Court has supplemental jurisdiction over the Plaintiff's state law claims

pursuant to 28 U.S.C. § 1367(a).

14.     Venue in this District is proper under 28 U.S.C. § 1391 because a substantial part

of the events and omissions complained of took place in this District and Defendants maintain

offices, transact business, and are otherwise found in this District.

## PARTIES

15.     Plaintiff Josephine L. Potente is a natural person and a citizen of Westchester County, New York.

16.     Plaintiff is an individual and "consumer" within the meaning of the FCRA, 15 U.S.C. § 1681a(c), as well as the NY FCRA, NY GBL § 380-a(b).

17.     Equifax Information Services LLC ("Equifax") is a Georgia limited liability company, duly authorized and qualified to do business in the State of New York.

18.     Experian Information Solutions, Inc. ("Experian") is an Ohio corporation, duly authorized and qualified to do business in the State of New York.

19.     Trans Union LLC ("Trans Union") is a Delaware limited liability company, duly authorized and qualified to do business in the State of New York.

20.     Equifax, Experian, and Trans Union are each a "consumer reporting agency" within the meaning of the FCRA (15 U.S.C. § 1681a(f)) and NY FCRA (G.B.L. § 380-a(e)).

21.     Barclays Bank Delaware ("Barclays") is a Delaware financial institution, duly authorized and qualified to do business in the State of New York.

22.     Barclays (the "Furnisher Defendant") is a "furnisher of information" within the meaning of the FCRA, 15 U.S.C. § 1681s-2 et seq.

## FACTS

23.     Despite repeated requests to correct erroneous information contained in her credit files and appearing on her credit reports, Plaintiff has been damaged by the failure of the Furnisher and the CRA Defendants to correct information in her credit file and the appearance of erroneous tradelines on her credit reports.

24.     In June 2018, Plaintiff began a trip as a passenger on a Carnival Cruise Line.

4

25.     On July 3, 2018, during Plaintiff's Carnival Cruise Line trip, Plaintiff's Barclays Bank Delaware credit card was erroneously charged for purchases without Plaintiff's consent ("Unauthorized Transactions").

26.     Upon information and belief, the Unauthorized Transactions were in fact the charges of one or more other passengers incorrectly attributed to Plaintiff.

27.     In or about July 2018, Plaintiff disputed the Unauthorized Transactions with Barclays Bank Delaware.

28.     Despite Plaintiff's pending dispute of the Unauthorized Transactions, Barclays Bank Delaware started reporting that Plaintiff's Barclays Bank Delaware credit card account was 30 days late in October 2018 on Plaintiff's Equifax, Experian, and Trans Union credit reports.

29.     With respect to Plaintiff's Barclays Bank Delaware credit card account, Plaintiff had no overdue payments in October 2018.

30.     On or about November 13, 2018, Plaintiff spoke with a representative of Barclays Bank Delaware.

31.     Barclays Bank Delaware admitted to Plaintiff that the 30 days overdue notation on the Plaintiff's Barclay's Bank Delaware credit card account tradeline reported to each of the CRA Defendants was an error.

32.     Barclays Bank Delaware stated to Plaintiff that it would correct the erroneous tradeline associated with Plaintiff's Barclays Bank Delaware credit card account with each of the CRA Defendants.

33.     In or about November 2018, Plaintiff obtained a copy of her Equifax credit report and discovered that the erroneous tradeline associated with Barclays Bank Delaware credit card account remained on her Equifax report.

34.     In or about November 2018, Plaintiff submitted an online dispute with Equifax regarding the erroneous tradeline for her Barclays Bank Delaware credit card account.

35.      Subsequently in November 2018, Plaintiff received notice that Equifax had verified the erroneous tradeline for her Barclays Bank Delaware credit card account on her Equifax credit report.

36.     In November 2018, Plaintiff obtained a copy of her Experian credit report and discovered that the erroneous tradeline associated with Barclays Bank Delaware credit card account was on her Experian report.

37.     Following review of her Experian credit report, Plaintiff submitted a written dispute to Experian requesting correction of the erroneous tradeline for her Barclays Bank Delaware credit card account on her Experian credit report.

38.     Subsequently in November 2018, Plaintiff received notice that Experian had verified the erroneous tradeline for her Barclays Bank Delaware credit card account.

39.     In November 2018, Plaintiff obtained a copy of her Trans Union credit report and discovered that the erroneous tradeline for her Barclays Bank Delaware credit card account was on her Trans Union report.

40.     Following review of her Trans Union credit report, Plaintiff submitted a written dispute to Trans Union requesting correction of the erroneous tradeline for her Barclays Bank Delaware credit card account on her Trans Union credit report.

41.     Subsequently in November 2018, Plaintiff received notice that Trans Union had verified the erroneous tradeline for her Barclays Bank Delaware credit card account.

42.     Upon information and belief, despite these disputes, the erroneous tradelines associated with Plaintiff's Barclays Bank Delaware credit card account still remain on Plaintiff's credit reports with each of the CRA Defendants.

**Damages**

43.     As a result of Defendants' conduct, Plaintiff suffered actual damages in the form of economic and non-economic harm, both of which are cognizable pursuant to the FCRA and NY FCRA.

44.     Plaintiff has suffered actual damages in the form of financial harm and dignitary harm arising from the injury to her credit rating and reputation.  Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

45.     Plaintiff's credit reports and file have been obtained from Defendants and been reviewed many times by prospective and existing credit grantors and extenders of credit.  The inaccurate information has been a substantial factor in precluding Plaintiff from receiving many different credit offers and opportunities, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

46.     Additionally, the inaccurate credit reporting cost Plaintiff significant time in pursuit of a corrected report, mental anguish, anxiety, and stress.

*FIRST CAUSE OF ACTION*
**VIOLATIONS OF FCRA § 1681s-2(b)**
**Against All Furnisher Defendants**
**(Furnishers of Information to CRAs)**

47.     Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

48.     The Furnisher Defendant violated §1681s-2(b) by its acts and omissions, including, but not limited to:

7

a. failing to conduct a reasonable investigation of Plaintiff's dispute,

b. failing to review all relevant information provided by consumer reporting agencies, and,

c. failing to promptly modify, delete, or permanently block any information it could not verify as accurate, in violation of §1681s-2(b)(1).

49.     As a result of the Furnisher Defendant's violations of §1681s-2(b)(1), Plaintiff suffered actual damages including but not limited to loss of credit, damage to reputation, embarrassment, humiliation, anguish and other emotional harm cognizable pursuant to the FCRA.

50.     These violations of §1681s-2(b)(1) were willful, rendering the Furnisher Defendant liable for actual damages, statutory damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

51.     In the alternative, the Furnisher Defendant was negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1681o.

### SECOND CAUSE OF ACTION
**VIOLATIONS OF FCRA § 1681e(b) and § 1681i**
**Against the CRA Defendants**

52.     Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

53.     The CRA Defendants each violated multiple sections of 15 U.S.C. § 1681i by its acts and omissions including but not limited to:

a. failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed

8

information or delete the item from Plaintiff's credit file in violation of §

1681i(a)(1);

b. by failing to review and consider all relevant information submitted by Plaintiff
in violation of § 1681i(a)(4); and

c. by failing to properly delete the disputed inaccurate items of information from
Plaintiff's credit files or modify item of information upon a lawful
reinvestigation in violation of § 1681i(a)(5).

54.     Each of the CRA Defendants violated 15 U.S.C. § 1681e(b) by their conduct, acts

and omissions including but not limited to failing to establish and/or to follow reasonable

procedures to assure maximum possible accuracy of the information concerning Plaintiff in the

preparation of his credit reports and credit files that they published and maintained.

55.     As a result of the CRA Defendants' violations of § 1681i and §1681e(b), Plaintiff

suffered actual damages including but not limited to: loss of credit, damage to reputation,

embarrassment, humiliation, anguish and other emotional harm cognizable pursuant to the

FCRA.

56.     These violations of § 1681i and § 1681e(b) were willful, rendering the CRA

Defendants liable for actual damages, statutory damages, costs and reasonable attorney's fees,

and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §

1681n.

57.     In the alternative, the CRA Defendants were negligent, entitling Plaintiff to

recover actual damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681o.

### THIRD CAUSE OF ACTION
### VIOLATIONS OF NY FCRA §380-f and §380-j
### Against the CRA Defendants

58.     Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

59.     Each of the CRA Defendants violated multiple sections of the NY FCRA (NY GBL §§380- 380-u) by their acts and omissions including:

    a.   failing to promptly reinvestigate Plaintiff's dispute to determine whether the disputed information is inaccurate and record the current status of the disputed information in violation of §380-f(a);

    b.   failing, after determining that the disputed information is in error or that it can no longer be verified, to promptly expunge the item and otherwise correct the file and refrain from reporting the item in subsequent consumer reports, in violation of §380-f(b); and

    c.   failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff in the preparation of his credit report and credit files that it published and maintained in violation of §380-j(e).

60.     These violations of §380-f and §380-j(e) were willful, rendering the CRA Defendants liable for actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to §380-l and entitling Plaintiff to injunctive relief restraining Defendants from any further violations of Plaintiff's rights pursuant to the NY FCRA.

61.     In the alternative, the CRA Defendants were negligent, entitling Plaintiff to recover actual damages and costs and reasonable attorney's fees pursuant to § 380-m as well as

injunctive relief restraining Defendants from any further violations of Plaintiff's rights pursuant to the NY FCRA.

       **WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against Defendants:

1. awarding Plaintiff against each CRA Defendant and Furnisher Defendant actual damages, statutory damages, punitive damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o as well as, with regard to the CRA Defendants, NY GBL § 380-l and § 380-m;

2. ordering the CRA Defendants:

    a. to immediately delete all inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information, and

    b. to send updated and corrected credit report information to all persons and entities to whom they have reported inaccurate information about Plaintiff within the last four years;

3. enjoining the CRA Defendants from violating Plaintiff's NY FCRA rights;

4. such other and further relief as may be necessary, just, and proper.

## DEMAND FOR JURY TRIAL

      Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

12

Dated:  May 6, 2019

                                        Respectfully submitted,

                                        _Evan S. Rothfarb_

                                        By:  Evan S. Rothfarb
                                        Daniel A. Schlanger
                                        SCHLANGER LAW GROUP LLP
                                        9 East 40th St., Suite 1300
                                        New York, NY 10004
                                        T:  212.500.6114
                                        F:  646.612.7996
                                        erothfarb@consumerprotection.net
                                        dschlanger@consumerprotection.net

                                        *Attorneys for Plaintiff*